HARRY J. TRYON, Appellant, v. CITY OF MIAMI, a Municipal Corporation; MIAMI WATER COMPANY, a Florida Corporation; and FLORIDA POWER & LIGHT COMPANY, a Florida Corporation; and ALEXANDER ORR, JR., C. D. VAN ORSDEL, FRED W. HOSEA, and JAMES A. DUNN, Four of the Commissioners of the City of Miami, Appellees.

1 So. (2nd) 465

En Banc

Opinion Filed April 1, 1941

*George E. McCaskill,* and *Frank B. Dowling,* for Appellant;

*Lewis Twyman, J. W. Watson, Jr.,* and *Hanks & Preston,* for Appellees.

## ORDER

PER CURIAM.—This cause comes on to be heard on the application of appellant for a constitutional writ under Section 5, Article V, of the Constitution, the appeal being from a decree of the Circuit Court of Dade County dismissing the bill of complaint wherein it was sought to restrain the City of Miami from entering into a contract with the Florida Power and Light Company and Miami Water Company for payment of certain funds by the City in exchange for assets of the corporations.

The purpose of the constitutional writ is to restrain pending this appeal the consummation of the contract for the purchase of the assets of Miami Water Company and the further performance of that certain contract of the City for the purchase and delivery of its bonds in the sum of $8,000,000 set for April 4, 1941, at the Chase National Bank in the City of New York, the said bonds having been previously validated by decree of the circuit court which was affirmed by this Court February 25, 1941, in State, *et al.,* v. City of Miami.

The application for constitutional writ must be denied because: (1) Appellant has not brought himself within the rule announced in Paramount Enterprises v. Mitchell, 104 Fla. 407, 140 So. 328. (2) The bonds involved in the bond contract have been regularly issued and validated and if not delivered as per contract the public stands to lose heavily while if the rights of appellant are affected, it will be inconsequential as compared with the rights of the public.

500

(3) The decision of the questions raised on appeal in no way affects the validity of the bonds or the bond contract or the proceeds of the bonds and their use and being so the latter contract should not be interfered with. (4) If appellant succeeds in declaring the contract between the City of Miami and the Florida Power Company or any part of it invalid, he has an adequate remedy at law. (5) There is no causal connection between the contract for delivery of the bonds and the contract complained of on this appeal and no basis whatever is shown for intercepting the former at this time.

It is accordingly adjudged and decreed that the application for constitutional writ be denied.

It is so ordered.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, CHAPMAN, THOMAS and ADAMS, J. J., concur.